UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL ROBERTS,<br><br>    Petitioner,<br><br>v.<br><br>MATTHEW CATE, *et al.*,<br><br>    Respondents. | Case No. 11-cv-2869-L(WMc)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION [DOC. 15];**<br><br>**(2) OVERRULING PETITIONER'S OBJECTIONS [DOC. 22]; AND**<br><br>**(3) DENYING PETITION WITH PREJUDICE [DOC. 1]** |

On December 8, 2011, Petitioner Jamal Roberts, a state prisoner, filed this Petition for Writ of Habeas Corpus seeking 28 U.S.C. § 2254 habeas relief from his October 11, 2007 conviction and sentence for conspiracy to commit murder for the benefit of a criminal street gang. On February 5, 2013, United States Magistrate Judge William McCurine, Jr. issued a Report and Recommendation ("Report") recommending that this Court deny the Petition. Petitioner filed objections to the Report.

For the following reasons, the Court **ADOPTS** the Report in its entirety (Doc. 15), **OVERRULES** Petitioner's objections (Doc. 22), and **DENIES** the petition with prejudice (Doc. 1).

# I. LEGAL STANDARD

A district court's duties concerning a magistrate judge's report and recommendation and a party's objections thereto are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and in 28 U.S.C. § 636(b)(1). When no objections are filed, the district court is not required to review the magistrate judge's report and recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (holding that 28 U.S.C. § 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise") (emphasis in original).

In contrast, the duties of a district court in connection with a magistrate judge's report and recommendation are quite different when an objection has been filed. These duties are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and in 28 U.S.C. § 636(b)(1). Specifically, the district court "must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

# II. ANALYSIS

On October 11, 2007, Petitioner was convicted of conspiracy to commit murder for the benefit of a criminal street gang. (Doc. 1.) Petitioner presents nine grounds for habeas relief: (1) the state failed to establish that wiretaps used were necessary; (2) the state failed to properly minimize the intercepted calls; (3) the state violated the court's wiretap order and failed to timely file 6-day reports with the court; (4) the admission of expert gang testimony violated Petitioner's due-process rights; (5) Petitioner received ineffective assistance of counsel; (6) the trial court erred because it denied severance and admitted certain phone calls after co-defendant Milton Pettis testified in violation of Petitioner's federal due-process rights; (7) the admission of photographic evidence violated Petitioner's due process rights; (8) the trial court should have suppressed evidence obtained as a result of an illegal vehicle stop; (9) insufficient evidence supports the conviction. Respondent filed an answer opposing habeas relief contending that

Petitioner's habeas claims are not cognizable for federal collateral review and the claims fail on the merits. (Doc. 9.) Thereafter, Petitioner filed a traverse. (Doc. 13.)

Judge McCurine issued the Report and recommended that the petition be denied. (Doc. 15.) Petitioner objects to the recommendations in the Report. (Doc. 22.)

**A.  Petitioner Does Not State a Cognizable Federal Claim as to the Admissibility of Wiretap Evidence.**

A claim for habeas review under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510, is not cognizable if "the claim does not involve an 'error of the character or magnitude' to justify habeas relief." *Lord v. Lambert*, 347 F.3d 1091, 1094 (9th Cir. 2003) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). A Title III claim involves an error of the character or magnitude to justify habeas relief only if there is "'a fundamental defect which inherently results in a complete miscarriage of justice,' or 'an omission inconsistent with the rudimentary demands of fair procedure'" such that the error "'present[s] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" *See id.* The existence of other evidence to establish the reliability of disputed evidentiary material is inconsistent with a fundamental defect of the character which inherently results in a complete miscarriage of justice. *See id.* at 1095. A full and fair opportunity to argue for suppression at both the trial and appellate levels is inconsistent with an omission contrary to the rudimentary demands of fair procedure. *See id.*

Petitioner objects to Judge McCurine's finding that his claims are not cognizable on federal review because the admission of wiretap evidence did not result in a complete miscarriage of justice or denial of fair procedure. (Pet'r's Objections 2:14–15.) Petitioner contends that "there was no other evidence introduced at trial that made the wiretap evidence reliable or that showed that Petitioner was guilty . . . ."

Judge McCurine's reasoning in the Report belies this contention. (Report 18:10–13 ("[T]he *subsequent actions* of co-conspirators—in addition to the photographic gang evidence and Roberts' post-arrest admission to Pettis that he was about to strike when he was

detained—supported the calls' reliability and helped to prove the prosecution's theory of the case.").) Petitioner does not address the corroborating evidence cited in the Report, nor does he otherwise attempt to distinguish *Lord*. Instead, he elects to assert a lack of evidence in general terms. (Pet'r's Objections 3:12–15 ("[T]here was no evidence that the defendants were doing anything other than organizing a party and going about their way selling drugs and doing other business.").) Petitioner further attempts to show a lack of corroborating evidence by arguing that "the slang used in the phone calls was open to interpretation," that "when Mr. Pettis testified, he interpreted the phone calls in a completely different, more innocent way than the gang expert." (*Id.* at 3:7–11.) These contentions do not address the issue at hand. Even if assumed true, they do not preclude the existence of evidence to establish the reliability of the wiretaps. In short, there exists other evidence sufficient to support the wiretaps' reliability such as is inconsistent with a complete miscarriage of justice. *See Lord*, 347 F.3d at 1095. Therefore, Petitioner does not state a cognizable federal claim as to the admissibility of wiretap evidence.

### B. Petitioner Has Not Shown that He Is Entitled to Habeas Relief as to the Admission of Gang Expert Testimony.

"Evidence erroneously admitted warrants habeas relief only when it results in the denial of a fundamentally fair trial in violation of the right to due process." *Briceno v. Scribner*, 555 F.3d 1069, 1077 (9th Cir. 2009) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). Issues of state evidentiary law may not be reviewed by federal courts upon petition for habeas corpus. *Id.* While a witness may not give a direct opinion about a defendant's guilt or innocence, an expert may testify regarding an ultimate issue to be resolved by the trier of fact. *Id.*; *Moses v. Payne*, 555 F.3d 742, 761 (9th Cir. 2009).

In the interest of judicial economy, Judge McCurine's Report reaches the merits of Petitioner's claims regarding gang expert testimony despite Respondent's argument that it is procedurally barred. (Report 32:7–33:10.) Petitioner objects to the Report "to the extent that the R&R inferentially rules that the claim is procedurally barred." (Pet'r's Objections 9:18–20.) Because the Report does not so rule, the Court does not consider this objection, but rather will

address the merits of Petitioner's claims as to gang expert testimony.

Petitioner objects to Judge McCurine's finding that Petitioner's trial was not so fundamentally unfair as to deprive him of constitutional due process. (Pet'r's Objections 9:23–26.) Citing to *Taylor v. Kentucky*, 436 U.S. 478, 487 & n.15 (1978), Petitioner contends that a "combination of errors in admitting the gang expert's testimony was so fundamentally unfair as to violate Petitioner's due process rights." (*Id.* at 10:5–9.) But Petitioner does not identify which "combination of errors" that he refers to. The cited reasoning in *Taylor* relates to a prosecutor negating a defendant's presumption of innocence by uniquely characterizing the reasonable-doubt standard and implying guilt through arrest, indictment, and a lack of evidence to prove innocence. 436 U.S. at 487, n.15. The cited facts and analysis have little bearing on the instant issue.

Petitioner further asserts that "the expert was erroneously allowed to testify regarding Petitioner's mental state and intent" and that "without the damaging expert testimony that essentially painted a series of conversations that may not have been related to each other in a meaningful ways [sic], as definite proof of conspiracy to commit murder, the jury would not have interpreted them as overt acts in furtherance of the conspiracy." (Pet'r's Objections 10:5–20.) Petitioner presents no law to support his implicit contention that expert testimony on an ultimate issue of fact violated his constitutional right to due process, and Ninth Circuit authority contradicts Petitioner's position. *See Briceno*, 555 F.3d at 1078; *Moses*, 555 F.3d at 761. Furthermore, Petitioner received a full and fair opportunity to litigate this matter. Defense counsel filed a motion *in limine* objecting to the testimony prior to trial, presented arguments at a pre-trial hearing, and cross-examined the expert during trial. Petitioner's co-defendant testified to contradict the expert's interpretation of the calls. After hearing both interpretations of the facts, the jury convicted Petitioner. These facts are not consistent with the denial of a fundamentally fair trial which would justify habeas relief. *See Briceno*, 555 F.3d at 1077. Therefore, Petitioner is not entitled to habeas relief as to the admitted gang-expert testimony.

//
//

## C. Petitioner Has Not Demonstrated Prejudice as Necessary to Challenge a Conviction for Ineffective Assistance of Counsel.

The Sixth Amendment guarantees defendants a right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* To constitute ineffective assistance, counsel's representation must fall below an objective standard of reasonableness. *Id.* at 688. To challenge a conviction, a defendant must affirmatively prove prejudice by showing a reasonable probability that, absent errors, the factfinder would have had a reasonable doubt respecting guilt. *See id.* at 693-95.

Petitioner objects to Judge McCurine's finding that Petitioner has failed to show that his counsel's failure to object to gang evidence found in the home of a co-conspirator constitutes prejudicial error sufficient to challenge his conviction. Petitioner's counsel did not object to the introduction into evidence of a purse and images of a purse, which a detective testified contained a torn piece of paper with a licence plate number and the words "slob license" written on it. (Report 38:22–24.) The license plate number on the paper corresponded with an Oceanside resident whose daughter associated with a rival gang. Petitioner contends that "there was precious little evidence to show that a conspiracy to kill Blood gang members was ever formed" and that "[t]he piece of paper with the license number on it was an important piece of evidence" to tie Petitioner to the conspiracy. (Pet'r's Objections 12:27–28, 13:1-10.)

Judge McCurine's reasoning belies this contention. As Judge McCurine notes in his Report, there was substantial evidence independent of the piece of paper to prove Petitioner's participation in the conspiracy. This evidence included wiretapped recordings of Petitioner discussing locating and distributing guns, finding rival gang members, identifying a specific target by name and his vehicle, reconnoitering suspected locations of rival gang members, and discussing organizing fellow gang members to carry out an attack. (Report 43:9–20.) Police apprehended Petitioner less than a half-mile away from a rival gang's meeting location with a loaded gun, safety-off. (*Id.*)

Furthermore, the prosecution did not link the piece of paper found in a co-conspirator's home to a particular element of the case. Instead, the prosecution used it to reiterate the seriousness of the alleged conspiracy's ramifications owing to the possibility of collateral casualties from a potential shooting. Under these circumstances, it seems highly unlikely that the jury would have had reasonable doubt as to Petitioner's guilt had defense counsel objected to evidence relating to the piece of paper found in a co-conspirator's home.

In sum, Petitioner fails to show a reasonable probability that the jury would have had reasonable doubt regarding guilt had his counsel objected. *See id.* Therefore, Petitioner is not entitled to habeas relief as to his counsel's failure to object to the admission of gang evidence found in the home of a co-conspirator.

### D. Petitioner Is Not Entitled to Habeas Relief as to the Trial Court's Denial of His Severance Motion.

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254. There is no clearly established Supreme Court authority requiring severance of state-court trials. *See Collins v. Runnels*, 603 F.3d 1127, 1132 (9th Cir. 2010). The Court begins with the presumption that a jury will follow an instruction to disregard inadmissable evidence to which it has been inadvertently presented unless there is an "overwhelming probability" that the jury will be unable to follow the court's instructions and a strong likelihood that the effect of the evidence would be devastating to the defendant. *Greer v. Miller*, 483 U.S. 756, 767 (1987).

Petitioner objects to Judge McCurine's finding that the admission of previously excluded recordings during a joint trial of Petitioner and his co-defendant did not render the trial court's

denial of his motion to sever constitutionally unsound. (Pet'r's Objections 13:13–22.) As a primary matter, the Court agrees with Judge McCurine that "to the extent [Petitioner] challenges the denial of the motion to sever, habeas relief on this claim should be denied." (Report 45:7–9.) Petitioner's challenge to the trial court's application of the law fails because there is no clearly established Supreme Court authority requiring state courts to sever trials, even when defendants assert mutually antagonistic defenses. *See Collins*, 603 F.3d at 1132.

In his objections, Petitioner asserts that Judge McCurine "incorrectly applied the Supreme Court precedent to the facts at bar." (Pet'r's Objections 13:21–22.) He does not specify to which precedent he refers, instead citing to *Greer* to support the proposition that "the statements made by [co-defendant] during his phone calls after [Petitioner] was arrested were 'devastating' to [Petitioner]" and that "it is unreasonable that the jury would be able to follow the court's limiting instruction." (*Id.* at 14:6–8, 14:14–15.) But to overcome the presumption that juries follow limiting instructions, there must exist an overwhelming probability that the jury will be unable to follow such instructions. *Greer*, 483 U.S. at 767. Petitioner makes no such showing here. Without it, the Court must presume that the jury properly followed the trial court's instructions and disregarded evidence inadmissible to prove Petitioner's guilt. Petitioner is not entitled to habeas relief as to the trial court's denial of the motion to sever.

### E. Petitioner Is Not Entitled to Habeas Relief as to Photographic Evidence of Gang Affiliation.

"A federal habeas court . . . cannot review questions of state evidence law . . . [e]ven where it appears that evidence was erroneously admitted, a federal court will interfere only if it appears that its admission violated fundamental due process and the right to a fair trial." *Henry v. Kernan*, 197 F.3d 1021, 1031 (9th Cir. 1999). "[F]ailure to comply with the state's rules of evidence is neither a necessary nor a sufficient basis for granting habeas relief." *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991). Admission of evidence can violate due process only if there are no permissible inferences the jury may draw from the evidence admitted. *Id.* at 920. There is no clearly established Supreme Court precedent ruling that admission of irrelevant

8

11cv2869

or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ. *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009).

Petitioner objects to Judge McCurine's finding that his objection to the photographic evidence of gang affiliation is not cognizable on federal habeas review. (Pet'r's Objections 15:6.) Petitioner asserts that "[t]he Ninth Circuit case is not controlling in this case," presumably referring to *Holley*. To the extent that Petitioner argues that Ninth Circuit interpretations of Supreme Court precedent do not bind this Court, Petitioner is mistaken. Furthermore, this matter does not come within the holding of *Holley* because the evidence of gang affiliation was relevant to prove an element of the crime. The evidence at issue consists of numerous photographs depicting Petitioner and other co-conspirators making gang signs, posing at the graves of deceased gang members, and posing with weapons. (Report 46:26–28.) This evidence was relevant to prove the first element of the gang enhancement to the offense, that the crime was committed for the benefit of a criminal street gang.

Admission of evidence can only violate due process if there are no permissible inferences the jury may draw from the evidence admitted. *See Jammal*, 926 F.2d at 919. Gang affiliation was a permissible inference to be drawn from the evidence at issue. Thus, admission of photographic evidence of gang affiliation did not violate Petitioner's right to due process. A federal court can only interfere with a state court's admission of evidence if it appears that the admission violated fundamental due process and a right to a fair trial. *Henry*, 197 F.3d at 1031. Because the admission of photographic evidence did not violate Petitioner's right to due process, this Court will not interfere with the trial court's admission of photographic evidence of Petitioner's gang affiliation. *See id.* Therefore, Petitioner is not entitled to habeas relief as to the trial court's admission of photographic evidence of gang affiliation.

### F. *Stone v. Powell* Bars Petitioner's Claim that Officers Violated the Fourth Amendment by Conducting an Illegal Vehicle Stop.

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the

ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 466 (1976). "Under *Stone*, Fourth Amendment violations are generally not cognizable on federal habeas, but they are cognizable when the State has failed to provide the habeas petitioner 'an opportunity for full and fair litigation of a Fourth Amendment claim.'" *Wallace v. Kato*, 549 U.S. 384, 395 n.5 (2007) (quoting *Stone*, 428 U.S. at 482).

Petitioner objects to Judge McCurine's finding that Petitioner's Fourth Amendment claim of an illegal vehicle stop is barred by *Stone*. (Pet'r's Objections 16:11.) He argues that this case falls within the exception to *Stone* recognized in *Wallace*. (*Id.* at 16:19–21.) Petitioner contends that "the trial court failed to carefully address the facts of Petitioner's case and or [sic] failed to apply proper constitutional case law as developed by the undisputed facts," thus depriving him of an opportunity for full and fair litigation of a Fourth Amendment claim. (Pet'r's Objections 18:5-7.) He supports the latter contention with a cite to *Dortch v. O'Leary*, 863 F.2d 1337 (7th Cir. 1988). In *Dortch*, the Seventh Circuit declined to reconsider a petitioner's Fourth Amendment claim because the court found that state trial and appellate courts had carefully and thoroughly analyzed the facts and applied the proper constitutional case law. *Id.* at 1342. Petitioner contends that "conversely, according to *Dortch,* if the state courts fail to perform a thorough analysis of the facts and apply the correct law, then it must follow, that the *Stone* bar would not apply." (Pet'r's Objections 16:24–27.) This contention is logically flawed by virtue of the fallacy of denying the antecedent. Petitioner's interpretation relies on the assumption that a holding necessarily implies its inverse. It does not.

Moreover, Petitioner has made no showing that he would prevail even if his fallacious interpretation of Seventh Circuit authority were accepted as binding law. He provides no support for his assertion that the mode by which the trial or appellate courts analyzed the law or facts of his claim was constitutionally defective. California trial and appellate courts performed a thorough analysis of the facts and constitutional law relating to Petitioner's Fourth Amendment claim of an unlawful vehicle stop. The trial court examined witnesses, heard arguments from both sides, and analyzed relevant case law. In reviewing the record, the Court of Appeal came to

the conclusion that the stop was not pretextual, but instead was premised on officers' knowledge of the ongoing wiretap investigation and reasonable fear of imminent violence. (Report 52:8–11.)

In sum, this Court agrees with Judge McCurine that Petitioner received a full and fair opportunity to litigate his claim. (Report 52:4–5.) Thus, Petitioner's claim that officers violated his Fourth Amendment rights through an illegal vehicle stop are barred by *Stone*. *See Stone*, 428 U.S. at 494. Accordingly, Petitioner is not entitled to habeas relief as to the ostensibly illegal vehicle stop.

### F. Sufficient Evidence Supports Petitioner's Conviction for Conspiracy.

In determining the sufficiency of the evidence for a criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Federal habeas courts must apply this standard "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324 n.16. In conducting this review, the Court is "mindful of 'the deference owed to the trier of fact and, correspondingly, the sharply limited nature of constitutional sufficiency review.'" *Juan H. v. Allen*, 408 F.3d 1262, 1275 (9th Cir. 2005) *amended*, No. 04-15562, 2005 WL 1653617 (9th Cir. July 8, 2005) (quoting *Wright v. West*, 505 U.S. 277, 296-97 (1992) (plurality opinion)). After AEDPA, the standards of Jackson must be applied with an additional layer of deference. *Id.* at 1274.

"A conviction of conspiracy requires proof that the defendant and another person had the specific intent to agree or conspire to commit an offense, as well as the specific intent to commit the elements of that offense, together with proof of the commission of an overt act 'by one or more of the parties to such agreement' in furtherance of the conspiracy." *People v. Morante*, 20 Cal. 4th 403, 416 (1999) (quoting *People v. Swain*, 12 Cal. 4th 593, 600 (1996)). Evidence is sufficient to support a conspiracy conviction if "it supports an inference that the parties positively or tacitly came to a mutual understanding to commit a crime . . . conspiracy may be

proved through circumstantial evidence inferred from the conduct, relationship, interests, and activities of the alleged conspirators before and during the alleged conspiracy." *People v. Prevost*, 60 Cal. App. 4th 1382, 1399 (1998).

Petitioner objects to Judge McCurine's finding that substantial evidence supports his conviction. (Pet'r's Objections 18:16.) He argues that "the possible plans of torture and murder discussed in the 'credible heads' call were never realized" and that "no allegation was made that the alleged co-conspirators attempted to commit murder or even talked about committing murder in December." (*Id.* at 18:25–19:1.) Petitioner does not contend that the elements of the crime of conspiracy include realization of "possible plans of murder and torture" or an attempt to commit murder. (*Id.*) In fact, to secure a conspiracy conviction, the state must prove only: (1) that the defendant and another person had the specific intent to agree or conspire to commit an offense, (2) that the defendant and another person had the specific intent to commit the elements of that offense, and (3) the commission of an overt act "by one or more of the parties to such agreement" in furtherance of the conspiracy. *Morante*, 20 Cal. 4th at 416.

As Judge McCurine notes in the Report, there is ample evidence to support each element of Petitioner's conviction. The evidence includes: (1) wiretap recordings of Petitioner discussing locating and distributing guns to gang members; (2) wiretap recordings of Petitioner discussing finding rival gang members; (3) wiretap recordings of Petitioner identifying a specific target by name and his vehicle; (4) wiretap recordings of Petitioner performing reconnaissance of suspected hang-outs of rival gang members; (5) wiretap recordings of Petitioner discussing locating and organizing gang members to carry out the attack; (6) Petitioner having been arrested less than a half-mile from the target gang's meeting location with a loaded gun, safety-off; and (7) Petitioner's statement to a co-conspirator that Petitioner was about to strike but that the police detained him before he could act. (Report 56:1–10.) Viewing this evidence in the light most favorable to the prosecution, the Court is convinced that a rational trier of fact could find the elements of the crime proven beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319. Thus, this Court agrees with Judge McCurine that there is sufficient evidence to support Petitioner's conviction, and Petitioner is not entitled to habeas relief as to the sufficiency of the

evidence supporting his conviction.

## III. CONCLUSION & ORDER

After considering Petitioner's objections and conducting a *de novo* review, the Court concludes that Judge McCurine's reasoning in the Report is sound. In light of the foregoing, the Court **ADOPTS** the Report in its entirety (Doc. 15), **OVERRULES** Petitioner's objections, and **DENIES** this habeas petition with prejudice in its entirety (Doc. 1).

Moreover, because reasonable jurists would not find the Court's assessment of the claims debatable or wrong, the Court **DENIES** a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

DATED: July 29, 2013

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM MCCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL